IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANITA KRECIC                                                                                    PETITIONER

v.                                                           CIVIL ACTION NO. 3:22-cv-281-DPJ-MTP

KATRINA REID                                                                                  RESPONDENT

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Respondent's Motion to Dismiss [14] a pending Petition for Writ of Habeas Corpus. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motion to Dismiss [14] be granted and that the Petition for Writ of Habeas Corpus be dismissed.

### BACKGROUND

On April 28, 1988, Petitioner was convicted of capital murder for the death of Highway Patrolman David Ladner and sentenced to life imprisonment. *See* [14-3] at 1. On October 23, 2019, Petitioner filed an action in the Rankin County Circuit Court challenging the Mississippi State Parole Board's January 30, 2019, denial of her parole. Petitioner brought this action "pursuant to 28 U.S.C. 2254 for a Writ of Habeas and other relief pursuant to 42 U.S.C. § 1983." *See* [2] at 1. Defendants removed the action to this Court, where it was docketed as *Krecic v. Pickett*, 3:20-cv-210-KHJ-LGI.[1] Noting that federal habeas and § 1983 claims should be separated, the Court severed Petitioner's federal habeas claims and opened the instant federal habeas action. *See* [1].

---

[1] Petitioner filed a prior § 1983 action in this Court on April 5, 2011, challenging earlier parole board decisions. *See Krecic v. Brown*, 3:11-cv-193-LRA. On June 5, 2012, the Court dismissed Petitioner's claims holding that state parole board members are entitled to immunity from suit in federal court and that Petitioner had "failed to establish that Defendants violated the Due Process, Equal Protection, and Ex Post Facto Clauses of the United States Constitution." *Id*.

1

On September 9, 2022, Petitioner filed an Amended Petition [9-2] adding a challenge to the parole board's February, 2022, denial of her parole and raising the following grounds for relief:

1. Krecic was subjected to retaliation in violation of the 1st Amendment to the U.S. Constitution.

2. Parole board members violated Krecic's 14th Amendment rights to due process by paroling other similarly situated lifers of a different race.

3. Parole board members violated Krecic's 14th Amendment rights to due process by paroling other similarly situated lifers of a different gender.

4. Parole board members violated Krecic's 14th Amendment rights to due process by paroling other similarly situated female lifers who also were denied because of public opposition.

5. Parole board members violated Krecic's 5th and 14th Amendment rights to due process by depriving her of a constitutionally protected liberty interest entitlement found in the parole board policy and in the 2014 parole law.

6. Parole board members violated Krecic's 8th and 14th Amendment rights by using her consecutive sentence as a weapon for denial and refusing to check it as a reason for parole according to their very own policy.

*See* [9-2].

On October 21, 2022, Respondent filed a Motion to Dismiss [14] arguing that Petitioner's due process claims should be dismissed for failure to state a claim for federal habeas relief and that her remaining claims should be dismissed for her failure to exhaust them in state court. Petitioner filed a Response [16] to the Motion [14], and Respondent filed a Reply [17].

**ANALYSIS**

*Due Process*

Pursuant 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus only if a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Thus, a petitioner's claim that state courts are incorrectly applying state law is not a

basis for relief. *See Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001) ("the proper interpretation of state law is *not* cognizable in federal habeas proceedings"). State laws, however, may create liberty interests protected by the Due Process Clause. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989). Where such a liberty interest is created, "minimum procedures appropriate under the circumstances and required by the Due Process Clause" must be followed before the state can deprive a person of that liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). A state's system of mandatory parole creates a protected liberty interest. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373-74 (1987).

The Mississippi parole statutes applicable to Petitioner (Miss. Code Ann. § 47-7-1, *et seq.*, as they existed at the time of conviction and sentence), provide for parole which is discretionary rather than mandatory. The parole board has absolute discretion regarding parole; therefore, a prisoner has no constitutionally protected liberty interest in parole. *See Scales v. Miss. State Parole Bd.*, 831 F.2d 565 (5th Cir. 1987); *Irving v. Thigpen*, 732 F.2d 1215, 1217-18 (5th Cir. 1984); *Smith v. Miss. State Parole Bd.*, 478 Fed. Appx. 97 (5th Cir. 2012) ("The Mississippi statutes do not create a liberty interest and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied.").

Apparently recognizing that courts have consistently held the parole system in Mississippi does not create a liberty interest, Petitioner argues in her fifth issue that the 2014 amendments to Mississippi's parole statutes "finally provide" a liberty interest in parole.[2] This

---

[2] Petitioner specifically refers to Miss. Code Ann. § 47-7-18(1), which was enacted in 2014 and provides as follows:

> Each inmate eligible for parole pursuant to Section 47-7-3, shall be released from incarceration to parole supervision on the inmate's parole eligibility date, without a hearing before the board, if:

argument, however, is without merit because "those amendments do not apply to prisoners . . . who were admitted prior to the amendments' effective date." *Drankus v. Miss. Parole Bd.*, 224 So. 3d 83, 85 (Miss. 2017); *Bass v. Hall*, 692 Fed. Appx. 207, 208 (5th Cir. 2017).  Thus, any liberty interest created by the 2014 amendments would not inure to Petitioner as she was admitted to the custody of the Mississippi Department of Corrections in 1988.[3] *See* [14-3] at 1.

Petitioner also argues that even if the Mississippi statutes do not create a liberty interest in parole, Mississippi Parole Board policy does.  According to Petitioner, parole board policy provides that "parole is granted when the parole board members are satisfied that the individual being considered is capable of being a law-abiding citizen." *See* [9-2] at 11.  This policy language tracks that of Miss. Code Ann. § 47-7-17,[4] which courts have held to be discretionary. *See Irving*, 732 F.2d at 1217-18 (quoting Miss. Code Ann § 47-7-17); *see also Smith*, 478 Fed. Appx. 97; *McBride v. Sparkman*, 2013 WL 1124398, at *3 (N.D. Miss. Mar. 18, 2013).  There being no constitutionally-protected right to parole, Petitioner's due process claims should be dismissed with prejudice.

---

(a) The inmate has met the requirements of the parole case plan established pursuant to Section 47-7-3.1;
(b) A victim of the offense has not requested the board conduct a hearing;
(c) The inmate has not received a serious or major violation report within the past six (6) months;
(d) The inmate has agreed to the conditions of supervision; and
(e) The inmate has a discharge plan approved by the board.

[3] Petitioner argues that prospective application of the 2014 amendments violates her rights under the Equal Protection Clause.  But, "[a] state's decision to expand parole eligibility only on a prospective basis is rational and 'does not discriminate on any purposeful or individual basis.'" *Fluker v. State*, 200 So. 3d 1148, 1149 (Miss. App. 2016) (quoting *Mayabb v. Johnson*, 168 F.3d 863, 870-71 (5th Cir. 1999)); *see also Thompson v. Missouri Bd. of Parole*, 929 F.2d 396, 400-01 (8th Cir. 1991) ("the state's decision to maintain its parole system for prisoners convicted prior to 1979 is not irrational or invidiously discriminatory").

[4] Miss. Code Ann. § 47-7-17 provides: "An offender shall be placed on parole only when . . . the board believes that he is able and willing to fulfill the obligations of a law-abiding citizen."

4

*Exhaustion*

Respondent argues that as an alternative to dismissal for failure to state a claim, Petitioner's due process claim should be dismissed as unexhausted and that Petitioner's remaining claims, including those based on equal protection, the First Amendment, and the Eighth Amendment, should be dismissed as unexhausted. Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
>
> (c) An Applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Id*. (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

Mississippi Code Annotated § 99-39-5(1)(h) provides an avenue for an inmate to challenge his incarceration based on a claim that "his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody." The United States Court of Appeals for the Fifth Circuit has recognized that "[a] claim concerning a Mississippi prisoner's eligibility for parole is cognizable under the state post-conviction relief act." *Lott v. Murphy*, 20 F.3d 468, 1994 WL 122125 (Mar. 24, 1994) (not selected for publication) (citing *Milam v. Mississippi*, 578 So. 2d 272, 273 (Miss. 1991)).

In her Response [16], Petitioner notes that she filed a § 1983 action—*Krecic*, 3:20-cv-210-KHJ-LGI—but requests that the Court advise her if she "is supposed to file any of these claims in the state court instead . . . ." *See* [16] at 2. As previously explained, state remedies are available to Petitioner and must be exhausted. Because Petitioner has failed to exhaust her

claims in the state courts, they should be dismissed.[5] *See Dudley v. King*, 2011 WL 4954600 (S.D. Miss. Oct. 18, 2011).

## RECOMMENDATIONS

For the reasons set forth above, the undersigned recommends that:

1. Respondent's Motion to Dismiss [14] be GRANTED;

2. Petitioner's due process claims be dismissed with prejudice for failure to state a claim upon which relief can be granted; and

3. Petitioner's remaining claims be dismissed without prejudice for failure to exhaust state remedies.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

---

[5] Although Respondent argues against a stay and abeyance, she notes that this Court has discretion, under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), to stay the Petition and hold it in abeyance while Petitioner exhausts her claims in state court. In *Rhines*, the United States Supreme Court held that a district court may stay a "mixed petition" (*i.e.* a petition containing both exhausted and unexhausted claims) in "limited circumstances," where the district court finds that (1) the petitioner has good cause for failure to exhaust his claim; (2) the claim is not plainly meritless; and (3) the petitioner has not engaged in intentional delay. *Rhines*, 544 U.S. at 277-78. Even assuming that *Rhines* is applicable to the instant Petition, which is not a mixed petition as it contains only unexhausted claims, a stay and abeyance is not appropriate here. Petitioner has not requested a stay and abeyance, nor has she shown good cause for her failure to exhaust her claims in state court.

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This 27th day of February, 2023.

s/ Michael T. Parker<br>United States Magistrate Judge