UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANITA KRECIC                                                                                          PETITIONER

V.                                                           CIVIL ACTION NO. 3:22-CV-281-DPJ-MTP

KATRINA REID                                                                                        RESPONDENT

ORDER

This petition for writ of habeas corpus is before the Court on the Report and Recommendation [18] of Magistrate Judge Michael T. Parker, entered February 27, 2023.

In 1988, Petitioner Anita Krecic was convicted of capital murder for the death of Highway Patrolman David Ladner and sentenced to life imprisonment. She brings this habeas petition to challenge the denial of her parole in 2019 and 2022. Respondent moved to dismiss [14], arguing that the due-process claims should be dismissed for failure to state a claim for federal habeas relief and that the remaining claims should be dismissed for failure to exhaust. R&R [18] at 2.

In a thoughtful and well-reasoned Report and Recommendation [18], Judge Parker explained that Mississippi's discretionary parole system does not create a constitutionally protected right to parole and recommended dismissal of the due-process claims with prejudice. *Id.* at 2–4; *see Smith v. Miss. State Parole Bd.*, 478 F. App'x 97, 99 (5th Cir. 2012) ("The Mississippi statutes do not create a liberty interest and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied."). And Judge Parker further agreed with Respondent that all other claims must first be exhausted in state court. R&R [18] at 5–7; *see Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)

("The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.")..

The R&R advised Petitioner that she had fourteen days to file an Objection.  R&R [18] at 7.  More than one month has passed, and Petitioner has not done so.  According, the Court finds the unopposed Report and Recommendation [18] should be adopted as the opinion of the Court.

Respondent's motion to dismiss [14] is granted.  Petitioner's due-process claims are dismissed with prejudice, and the remaining claims are dismissed without prejudice for failure to exhaust.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2023.

                                         s/ *Daniel P. Jordan III*
                                         CHIEF UNITED STATES DISTRICT JUDGE